# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8708 | **DATE** | 9/29/2004 |
| **CASE TITLE** | Stawski Distributing Co., Inc. vs. Zywiec Breweries PLC | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the Memorandum Opinion and Order, defendant Zywiec Breweries PLC's motion to confirm and enter judgment upon the arbitration award [64-1] is granted. The arbitration award is hereby confirmed. The Clerk is directed to enter judgment in favor of defendant Zywiec Breweries PLC. The preliminary injunction entered by the Court on November 26, 2003, shall be and hereby is dissolved effective October 15, 2004. Case is dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | *3* | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 3 0 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | 70 |
| | Copy to judge/magistrate judge. | | 9/29/2004 | |
| MD | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | MD mailing deputy initials | |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

STAWSKI DISTRIBUTING CO., INC., )
)
          Plaintiff, )
)
    vs. )
)    **No. 02 C 8708**
ZYWIEC BREWERIES PLC, )
)
          Defendant. )

SEP 3 0 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff, Stawski Distributing Co., Inc. ("Stawski"), filed this action against Browary Zywiec SA ("Zywiec")[1], seeking to enjoin Zywiec from wrongfully terminating a beer distribution relationship under the Illinois Beer Industry Fair Dealing Act, 815 ILCS 720 *et seq.* ("IBIFDA" or the "Act"). Stawski, an Illinois beer distributer, and Zywiec, a Polish brewer, had executed an "Import and Wholesale Distribution Agreement" on July 7, 1997 (the "Agreement"). The Agreement contained a perpetual term that either party could terminate on 12-months' written notice. The Agreement also included an arbitration clause that required the parties to arbitrate their disputes in the Arbitration Court of the Polish Chamber of Foreign Trade. The Agreement further provided that the arbitrators would apply Polish Civil Law to resolve the disputes.

Zywiec attempted to terminate the Agreement by letter on July 10, 2002. Stawski, however, maintained that the letter did not terminate the agreement because the IBIFDA governed the parties' relationship and the letter did not comply with the IBIFDA's termination and notice of cancellation

---

[1]Browary Zywiec SA was incorrectly identified in the complaint as Zywiec Breweries PLC.

1



requirements. In particular, the July 10, 2002 letter did not state the reasons for the termination and did not provide Stawski with an opportunity to cure in violation of the IBIFDA.[2] Zywiec then sent Stawski a termination letter dated October 1, 2003 that specified seven deficiencies in Stawski's performance of the Agreement.

Stawski filed suit in this court, contending that the termination of the Agreement would violate the IBIFDA. Zywiec moved to stay the lawsuit and compel arbitration in Poland, while Stawski cross-moved to stay the arbitration. This court granted Stawski's motion to stay the arbitration and denied Zywiec's motion to compel arbitration on May 22, 2003 [#19]. *See* 2003 WL 21209860, 2003 U.S. Dist. LEXIS 8778. On November 20, 2003, the U.S. Court of Appeals for the Seventh Circuit vacated this court's order staying the Polish arbitration. *See Stawski Distributing Co., Inc.* v. *Browary Zywiec* S.A., 349 F.3d 1023 (7th Cir. 2003). The Seventh Circuit determined that the Agreement's forum-selection clause was enforceable while its choice-of-law clause was

---

[2]The relevant sections of IBIFDA provide:

Sec. 3. Termination and Notice of Cancellation. (1) Except as provided in subsection (3) of this Section, no brewer or beer wholesaler may cancel, fail to renew, or otherwise terminate an agreement unless the brewer or wholesaler furnishes prior notification to the affected party in accordance with subsection (2).

(2) The notification required under subsection (1) shall be in writing and sent to the affected party by certified mail not less than 90 days before the date on which the agreement will be cancelled, not renewed, or otherwise terminated. The notification shall contain (a) a statement of intention to cancel, failure to renew, or otherwise terminate an agreement, (b) a complete statement of reasons therefore, including all data and documentation necessary to fully apprise the wholesaler of the reasons for the action, and (c) the date on which the action shall take effect.

Sec. 4. Cancellation. No brewer or beer wholesaler may cancel, fail to renew or otherwise terminate an agreement unless the party intending the action has good cause for the cancellation, failure to renew or termination, has made good faith efforts to resolve disagreements, and, in any case in which prior notification is required under Section 3, the party intending to act has furnished the prior notification and the affected party has not eliminated the reasons specified in the notification for cancellation, failure to renew, or termination, within 90 days after the sending of the notification.

815 ILCS 720/3, 720/4.

unenforceable under Illinois law. *Id.* at 1026. In accordance with the Seventh Circuit's opinion, this court ordered the parties to arbitrate their disputes in Poland and to request in writing that the arbitrators apply the IBIFDA as the substantive law for the dispute as it related to the distribution of products within the State of Illinois [#62].

The arbitration hearing was held in the Arbitration Court of the Polish Chamber of Foreign Trade in Warsaw, Poland on June 23, 2004. The arbitration panel consisted of three arbitrators, including Professor Krsysztof Staniszewski, who was selected by Stawski, and Professor Jozef Okolski, the President of the Arbitration Court. Prior to the hearing, the parties submitted relevant documents to the arbitrators, including Zywiec's claim, Stawski's counterclaim, and the IBIFDA. At the hearing, both parties were represented by counsel. Stawski was represented by Polish and U.S. counsel. Zywiec was represented by Polish counsel. The arbitration panel allowed oral arguments from both parties. The parties requested that the arbitrators apply the IBIFDA with regard to the Illinois-related dispute. Stawski presented its financial officer, Robert Kociecki, as its witness. Counsel for both parties examined and cross-examined Mr. Kociecki. The arbitrators also examined Mr. Kociecki. No other witnesses were presented. At the invitation of the arbitrators, both parties submitted post-hearing briefs. Neither party requested that the arbitrators allow additional evidence or argument in their post-hearing submissions. On July 15, 2004, the arbitrators issued the arbitration award entered in the Court of Arbitration at the Polish Chamber of Commerce, Case No. S. A. 57/03 and SA 90/W/2004 ("the arbitration award"). In the arbitration award, the arbitrators found that Zywiec's July 2002 termination letter was ineffective under Polish law but that the October 2003 letter was effective in terminating the Agreement under Polish law and the IBIFDA.

3

The arbitrators also rejected Stawski's damage claim because Zywiec had delivered beer to Stawski during the notice period.

This matter is now before the court on Zywiec's motion to confirm and enter judgment upon the arbitration award. Stawski opposes the motion on the grounds that enforcement of the arbitration award would violate public policy because the arbitrators improperly applied Polish law rather than Illinois law. For the reasons stated below, the court grants Zywiec's motion.

## DISCUSSION

The Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), codified at 9 U.S.C. § 201 *et seq.*, governs judicial confirmation of arbitration decisions that arise out of agreements between a U.S. citizen, e.g., Stawski, and a citizen of a foreign nation that signed the convention, e.g., Zywiec. *Publicis Communication* v. *True North Communications, Inc.*, 206 F.3d 725 at 728 (7th Cir. 2000). The New York Convention provides that "[w]ithin three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction . . . for an order confirming the award as against the other party to the arbitration." 9 U.S.C. § 207.

Under the New York Convention, "the court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award" applies. One of the grounds for refusal or deferral of recognition exists where "the competent authority in the country where recognition and enforcement is sought finds that the recognition and enforcement of the award would be contrary to the public policy of that country." *Slaney* v. *Int'l Amateur Ath. Fed'n*, 244 F.3d 580 at 593 (7th Cir. 2001); Article V(2)(b) of the New York Convention. However, "the public policy defense is exceedingly narrow." *Id.* at 593 (*citing Fotochrome, Inc.* v. *Copal Co.*,

4

517 F.2d 512, 516 (2d Cir. 1975). It applies when a decision violates the "most basic notions of morality and justice," *id.*, and "enforcement would entail a violation of a paramount legal principle that is 'ascertained by reference to the laws and legal precedents and from general considerations of supposed public interests.'" *Id.* (*quoting Industrial Risk Ins. v. M.A.N. Gutehoffnungshutte Gmbh*, 141 F.3d 1434, 1445 (11th Cir. 1998)). A court "may not refuse to enforce an arbitral award solely on the ground that the arbitrator may have made a mistake of law or fact." *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274 at 288 (5th Cir. 2004)(*citing Europcar Italia, S.p.A. v. Maiellano Tours, Inc.*, 156 F.3d 310, 315 (2d Cir. 1998); *Nat'l Wrecking Co. v. Int'l Bhd. of Teamsters*, 990 F.2d 957, 960 (7th Cir. 1993)). The party opposing the enforcement of the arbitral award has the burden of proof. *Id.* at 288 (*citing Europcar Italia*, 156 F.3d at 315).

In its hyperbole-laden memorandum of law, Stawski asserts that "[t]he panel was a sham, its procedures a hoax, its decision nothing less then [sic] an outright fraud, and its bias clearly un-American."[3] (Pl. Mem. of Law in Opp. to Def.'s Motion to Confirm, P. 1). Stawski contends that the arbitrators eliminated its rights under the IBIFDA by applying Polish law rather than Illinois law to resolve the parties' dispute. In support of this contention, Stawski points to the decision of the arbitrator's finding the July 10, 2002 termination letter ineffective under Polish law. Ironically, the arbitrators reached this conclusion at Stawski's behest, as Stawski had requested that the arbitrators find that "the termination of Agreement by notice dated July 10th, 2002 violated the principles of joint representation provided under the Articles of Association of the Joint Stock Company, which

---

[3]Notably, Stawski does not contend that it was denied the opportunity to present its case to the arbitrators or that it was limited in any way by the arbitration procedures.

renders ineffective this act in law pursuant to Art. 58 § 1 and Art. 39 of the Polish Civil Code . . ." (Judgment of the Court of Arbitration, attached as Ex. G to Def. Mot. to Confirm ("Ex. G"), P. 6).

Stawski further contends that the arbitration panel paid mere "lip-service" to the IBIFDA while applying Polish law to the dispute. (Pl. Mem. of Law in Opp. to Def.'s Motion to Confirm, P. 2). Specifically, Stawski argues that the panel applied Polish law when it found that the second termination letter was effective in terminating the agreement because the panel also determined that Stawski's actions led to a "loss of trust," which Stawski asserts is a factor relevant under Polish law and not under the IBIFDA.[4] (Pl. Mem. of Law in Opp. to Def.'s Motion to Confirm, P. 3, 11).

Rather than sprinkling the relevant IBIFDA language into the arbitration award as an afterthought, (Pl. Mem. of Law in Opp. to Def.'s Motion to Confirm, P. 10), the arbitration award shows that the arbitrators understood their obligation to apply the IBIFDA to the parties' dispute and that they carried out that obligation. First, the arbitrators recognized that whether the termination of the Agreement "entered into by the Parties on July 7[th], 1997, by written notice dated October 1[st], 2003 given to Stawski Distributing Co., Inc. is in conformity with the Illinois Beer Industry Fair Dealing Act" was at issue. (Ex. F, P. 1). The arbitration panel ultimately concluded that the October 1 notice was "in conformity with the Illinois Beer Industry Fair Dealing Act . . ." (Ex. F, P. 2). Second, the arbitration award noted that the parties requested that the arbitrators apply the IBIFDA in the arbitration proceeding in order to be in conformity with this court's order, which the arbitrators agreed to do. (Ex. F, P. 8).

---

[4]Stawski has offered no support for its contention that the "loss of trust" to which the arbitrators referred is a relevant issue under Polish law. Zywiec, by contrast, has instructed the court that the "loss of trust" concept "does not exist within the Polish legal system as a notion that would influence validity of a contractual relationship." (Ex. A to Def. Reply in Supp. of its Motion to Confirm and Enter Judgment Upon Arbitration Award and to Dissolve Prelim. Injunc. at ¶ 17).

Third, the arbitrators applied the IBIFDA requirements to the October 2003 termination notice. In order to decide whether the October 2003 termination notice was effective, the arbitrators explained that they needed to resolve (1) whether the termination notice was correct from the formal point of view, (2) whether the termination was in conformity with the IBIFDA regulations, and (3) whether the termination was in conformity with the agreement. (Ex. F, P. 9). The arbitrators reached the following conclusions:

> Ref. 1   The notice dated October 1st, 2003 was signed by two authorized persons in accordance with the Company Articles of Association.[5]
>
> Ref. 2   The provisions of § 3.2 of the BIFDA regulations provide that notice of termination shall be made in writing and sent to the Party concerned by registered mail at least 90 days before the date the Agreement is terminated, complete with the full statement of reasons for such termination and all relevant documents.
>
> The notice of termination dated October 1st, 2003 met these conditions.

(Ex. F, P. 9).

In reaching these conclusions, the arbitrators noted that two of the reasons specified in the October 2003 termination letter fully justified the termination of the agreement. The arbitrators found Stawski's attempt to register the "Zywiec" trademark without Zywiec's knowledge and Stawski's sales outside the territory defined in the agreement violated the principles of "Good Faith" as defined by Section 1.1 of the IBIFDA.[6] (Ex. F, P. 9). Essentially concluding that these two situations demonstrated Stawski's lack of honesty in fact, it was not unreasonable for the arbitrators

---

[5]Since the IBIFDA only applied to the Illinois-related dispute, it was appropriate for the arbitration panel to determine whether the termination was effective under Polish law for the areas that the IBIFDA did not govern.

[6] "'Good faith' means honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade as defined and interpreted under Section 2-103 of the Uniform Commercial Code." 815 ILCS 720/1.1(10).

to determine further that Stawski could not undertake "good faith" efforts to resolve the disputes, hence the irrelevance of Stawski's corrective measures. *See* Ex. G at P. 10 ("The above-mentioned activities carried out by Stawski must have led the Brewery's loss of trust in the distributor acting on the important US market, and the fact that these activities have ceased following the interventions by the Brewery was irrelevant for this case."). Moreover, even if the arbitration panel misapplied the IBIFDA or reached an incorrect conclusion, this court may not refuse to confirm the award solely on the ground that the arbitrators made a mistake of law or fact. *See Karaha Bodas*, 364 F.3d at 288.

While the arbitration award may not be as cogent an application of the IBIFDA as Stawski would like, it certainly does not show that the arbitrators used Polish law to resolve the parties' disputes while merely pretending to apply the IBIFDA to the parties' Illinois-related dispute. The arbitration award instead shows that the arbitration panel applied the IBIFDA to the Illinois portion of the dispute; consequently, enforcement of the arbitration award is not contrary to public policy.

## CONCLUSION AND ORDER

For the reasons stated above, Zywiec's motion to confirm and enter judgment upon the arbitration award [#64] is GRANTED. The arbitration award is hereby CONFIRMED. The clerk is directed to enter judgment in favor of Zywiec. The preliminary injunction entered by this Court on November 26, 2003 [#52], shall be and hereby is DISSOLVED effective October 15, 2004. This matter is DISMISSED with prejudice.

Enter: _____

JOAN HUMPHREY LEFKOW
United States District Judge

Date: September 29, 2004

8